IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QBE SPECIALTY INSURANCE CO., *et al.*, | * * * |
| Plaintiffs, | * * |
| vs. | * CIVIL ACTION NO. 23-00100-JB-B * |
| THE ENCLAVE AT OAK HILL OWNERS ASSOCIATION, INC., | * * * |
| Defendant. | * * |

**ORDER**

This action is before the Court on Defendant The Enclave at Oak Hill Owners' Association, Inc.'s Motion to Compel Appraisal and Appoint Umpire and Supporting Memorandum and Reply. (Doc. 10; Doc. 10-1; Doc. 18). Plaintiffs QBE Specialty Insurance Co, Indian Harbor Insurance Co., Crum & Forster Specialty Insurance Co., IAT CCM LTD, Everest Corporate Member LTD (collectively referenced as "Plaintiffs" or "Insurers") filed a response in opposition and a Sur-Reply. (Docs. 17, 21). Upon review, the undersigned finds the motion is due to be **DENIED**.

I. Background

The Insurers issued to Enclave an insurance policy which provided coverage for Enclave's ten four-story residential condominium buildings located in Gulf Shores, Alabama. (Doc. 1 at

1-4). In 2020, during the coverage period, Hurricane Sally made landfall in the area and caused damage to Enclave's buildings. Enclave made a claim under the policy for damages caused by Hurricane Sally. The Insurers made payment for some of the claimed loss; but they dispute whether all of the claimed damages resulted from Hurricane Sally[1]. (Id.). When the Insurers refused to pay for all of the claimed losses, Enclave sought to invoke the appraisal provision in the insurance policy. (Doc. 10-1). The policy provides, in pertinent part:

> If we and you disagree on the value of the property or on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision by any two will be binding...

(Id. at 2-3).

According to Enclave, it has properly invoked the appraisal provision under the policy, and although the Insurers have acknowledged such, they have extensively delayed this process under the guise of demanding further inspections prior to appraisal. (Id. at 3). Enclave asserts that because the policy

---

[1] The Insurers assert that they paid Enclave the actual cash value for all damage that they determined was caused by Hurricane Sally, and that they will pay an additional amount in depreciation if Enclave actually repairs or replaces the damaged property as soon as possible (for replacement cost value). (Docs. 1 at 1-4; 17 at 2).

does not define any timeline for the parties to name appraisers, the Insurers could delay the process until it would to impossible or impractical for the appraisers to attempt to select an umpire within any reasonable time. (Id.).

The Insurers contend that the parties' dispute in this case involve issues of causation and coverage which are not subject to the appraisal provision. (Doc. 17). According to the Insurers, Enclave contends that Hurricane Sally caused damage to many other parts of its buildings, which must be repaired and replaced, while the Insurers opine that those other parts either were not damaged at all or were not damaged by Hurricane Sally; thus, are not covered under the policy. (Id.). The Insurers contend that because the parties have not agreed on causation or coverage, and the Court has not yet decided the issues of causation and coverage, the appraisal process is not available at this juncture. (Id.).

## II.  Discussion

Extant Alabama case law makes clear that "appraises are not vested with the authority to decide questions of coverage and liability" in insurance disputes." Caribbean I Owners Assoc. Inc. v. Great Am. Ins. Co., 619 F. Supp. 2d 1178, 1188 (S.D. Ala. 2008) (citing Rogers v. State Farm Fire & Cas. Co., 984 So. 2d 382, 392 (Ala. 2007)). In denying the insured's request to invoke the appraisal process, the court held that the insured was not entitled to invoke the appraisal process set forth in the insurance policy

because any appraisal performed in this case would entail determinations of causation and liability that lie within the sole purview of the courts, not insurance appraisers.  Id.

In Enclave's reply brief (doc. 18 at 3-4), it acknowledges that there are factual disputes about whether some or all of its claimed damages were in fact caused by a covered loss.  And, at the scheduling conference conducted on June 16, 2023, counsel for Enclave conceded that the issue of whether all of the claimed damages are covered is very much in dispute.  Accordingly, because the parties' dispute does not merely involve the amount of the loss, but the cause of the loss, appraisal is not appropriate at this time.  Enclave's motion is thus **denied.**

**DONE** this **21st** day of **June, 2023.**

                                          **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**