# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY, ET AL. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:23–CV–100–JB–B |
| THE ENCLAVE AT OAK HILL ) | |
| OWNERS ASSOCIATION, INC. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ATA LOSS CONSULTING, LLC – RECORDS CUSTODIAN
25910 CANAL ROAD, SUITE 269, ORANGE BEACH, ALABAMA 36561

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT "A."

| Place: | Date and Time: |
|---|---|
| PHELPS DUNBAR, LLP, 101 DAUPHIN STREET, SUITE 1000, MOBILE, ALABAMA 36602 | Monday, September 25, 2023 at 9AM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
QBE SPECIALTY INSURANCE COMPANY, ET AL. , who issues or requests this subpoena, are:

A. GRADY WILLIAMS IV, BARRETT E. HAILS, MATTHEW H. HAMBRICK – PHELPS DUNBAR, LLP – 101 DAUPHIN ST., SUITE 1000, MOBILE, ALABAMA 36602 – BO.WILLIAMS@PHELPS.COM, BARRETT.HAILS@PHELPS.COM, MATTHEW.HAMBRICK@PHELPS.COM

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

Civil Action No. 1:23–CV–100–JB–B

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT A

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

# EXHIBIT A

## SUBPOENA TO PRODUCE DOCUMENTS TO ATA LOSS CONSULTING, LLC

1. A copy of the entire contents of your file – whether in paper, digital, or other format – with all information and records relating in any way to The Enclave at Oak Hill Owners Association, Inc. ("**Enclave**").

2. A copy of the entire contents of your file – whether in paper, digital or other format – with all information and records relating in any way to Hurricane Sally loss or damage at Enclave's property located at 1430 Regency Road, Gulf Shores, Alabama (the "**Enclave Property**").

3. Any and all documentation of damages or conditions of the Enclave Property (irrespective of the date or date of loss) that is in your custody, possession, or control.

4. All drawings, surveys, inspections, plans, photographs (in their native format), videos, repair estimates, repair invoices, work orders, logs, notes, field notes, invoices, evaluations, proposals, estimates, receipts, reports, and any other document or thing with information involving Enclave (including any work recommended, considered, quoted, or performed at the Enclave Property).

5. All communications and correspondence of any kind (including e-mails and text messages) between (A) ATA Loss Consulting, LLC and (B) Enclave (or its representatives or attorneys) concerning the Enclave Property or relating in any way to Enclave's Hurricane Sally insurance claim.

6. Any and all documents, correspondence, letters, e-mails, text messages, or other materials that you have provided to Enclave or its representatives or attorneys regarding the Enclave Property (irrespective of any particular date of loss) or relating in any way to Enclave's Hurricane Sally insurance claim.

7. Any and all documents, correspondence, letters, e-mails, or other materials exchanged between you and Enclave or its representatives or attorneys regarding the Enclave Property (irrespective of any particular date of loss) or relating in any way to Enclave's Hurricane Sally insurance claim).

8. Any and all damages estimates, Xactimate files, and .ESX files in their native format(s) that you have prepared for Enclave in connection with your work or your evaluation of damages or conditions of the Enclave Property.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**Please be sure to submit with your records an affidavit and / or certificate of authenticity which you should execute in the presence of a notary public, thereby avoiding the need for your presence in court to testify concerning the authenticity of you records**.

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QBE SPECIALTY INSURANCE COMPANY, *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION NO. 1:23-CV-100-JB-B |
| THE ENCLAVE AT OAK HILL OWNERS ASSOCIATION, INC., | * * * | |
| Defendant. | * | |

**CERTIFICATE**

I hereby certify that the attached is a true and complete copy of the records in my custody relating to The Enclave at Oak Hill Owners Association, Inc. or its property located at 1430 Regency Road, Gulf Shores, Alabama, and that I am the custodian and keeper of said records. I further certify that said records were made in the regular course of business of ATA Loss Consulting, LLC and that it was in the regular course of business for such records to be made at the time of the events, transactions or occurrences to which they refer, or within a reasonable time thereafter.

Signed this _____ Day of _____, 2023.

_____
CUSTODIAN OF RECORDS

SUBSCRIBED AND SWORN TO before me on this _____ Day of _____, 2023.

_____
NOTARY PUBLIC

<u>PLEASE RETURN RECORDS TO</u>:
Jessika Clifford, Paralegal
Phelps Dunbar, LLP
P.O. Box 2727
Mobile, Alabama 36652

**\*ORIGINAL, NOTARIZED CERTIFICATE MUST ACCOMPANY RESPONSE\***

Page 2 of 2

PD.42948482.1

EXHIBIT A