IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| **QBE SPECIALTY INSURANCE COMPANY**, *et al.*, | *<br>*<br>* |
| Plaintiffs, | *<br>* |
| vs. | * CIVIL ACTION NO. 23-00100-JB-B<br>* |
| **THE ENCLAVE AT OAK HILL OWNERS ASSOCIATION, INC.**, | *<br>*<br>* |
| Defendant. | * |

## ORDER

This action is before the Court on review of Plaintiffs QBE Specialty Insurance Company, Indian Harbor Insurance Company, Crum and Forster Specialty Insurance Company, IAT CCM Ltd., and Everest Corporate Member Ltd. and Third-Party Defendant Certain Underwriters at Lloyd's London's (collectively, the "Insurers") motion to compel compliance with non-party subpoena served on ATA Loss Consulting, LLC ("ATA Loss Consulting"). (Doc. 38).

The Insurers allege that they issued a non-party subpoena to ATA Loss Consulting via certified mail on September 14, 2023. (Id. at 1; Doc. 38-1 at 1). The subpoena sought the production of various records relating in any way to Hurricane Sally loss or damage at Enclave's property located at 1430 Regency Road, Gulf Shores, Alabama. (Doc. 38-1 at 4). According to the Insurers, although ATA Loss Consulting's response was due on September 25, 2023, the only response they received from ATA Loss Consulting was

an email link to a $5,203.00 invoice sent on September 25, 2023. (Doc. 38-3). On September 28, 2023, the Insurers filed the instant motion requesting an order compelling the production of the documents requested in their subpoena. (Doc. 38). A status conference was conducted before the undersigned Magistrate Judge on September 29, 2023, and subsequent thereto, an order was issued directing ATA Loss Consulting to show cause, by October 13, 2023, why the Insurers' motion to compel should not be granted. (Doc. 42). A second order dated October 17, 2023 was issued to ATA Loss Consulting after it was discovered that the initial order was never mailed to ATA Loss Consulting. (Doc. 49). The October 17, 2023 order extended the time for ATA Loss Consulting to show cause to October 31, 2023, and was mailed to ATA Loss Consulting at 25910 Canal Road, Suite 269, Orange Beach, Alabama 36561. (Id.). To date, ATA Loss Consulting has not responded to the order dated October 17, 2023 nor requested additional time in which to do so.

Federal Rule of Civil Procedure 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas. Objections to a subpoena must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Rule 45 also sets forth the authority for a party, such as the Insurers, to seek an order of compliance from a non-party. Rule 45(d)(2)(B)(i) states: "At any time, on notice to the commanded person, the

2

serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

Under Rule 45, the scope of discovery is the same as the scope of discovery under Rule 26, which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1); Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott, 277 F.R.D. 474, 477 (S.D. Fla. 2011). Thus, the Court must determine whether the subpoena seeks relevant information "under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production" prior to granting a motion to compel. Id. at 476 (citation omitted). When considering such motion, the opposing party "has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. at 477 (citations and internal quotation marks omitted).

In this action, the Insurers seek a declaration that they have provided Defendant Enclave, a residential condominium building in Gulf Shores, Alabama, payment for all covered damage caused by Hurricane Sally, and the documents sought in the subpoena

3

issued to ATA Loss Consulting relate to Hurricane Sally loss or damage sustained at the Enclave property.  Thus, the requested documents are relevant to this action.  ATA Loss Consulting has not filed any objections to the subpoena nor has it responded to the Court's order dated October 17, 2023, let alone shown cause why the Insurers' motion should not be granted.  Accordingly, the Insurers' motion (Doc. 38) is **GRANTED,** and ATA Loss Consulting is hereby **ORDERED** to produce all documents responsive to the subpoena within **fourteen (14)** days of this Order.

ATA Loss Consulting is cautioned that Rule 45(g) provides that the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); <u>Liscar v. Pediatric Acute Care of Columbus, P.C.</u>, 2012 U.S. Dist. LEXIS 150845, at *2-3, 2012 WL 4862783, at *1 (M.D. Ga. Oct. 12, 2012).

The Clerk is directed to serve this Order on ATA Loss Consulting via United States Certified Mail at 25910 Canal Road, Suite 269, Orange Beach, Alabama 36561.

**DONE** this **8th** day of **November, 2023.**

                                              /s/ SONJA F. BIVINS
                               **UNITED STATES MAGISTRATE JUDGE**